UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BRENDA JUSTICE,

            Plaintiff,

v.

NY OFFICER RICHARD KUHNAPFEL,
NY OFFICER GREG HOLME, JUDGE
M. ARMSTRONG, and LIZ BEAL,

            Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
13-CV-659 (MKB)

MARGO K. BRODIE, United States District Judge.

On February 1, 2013, *pro se* Plaintiff Brenda Justice filed this action against defendant Richard Kuhnapfel, also naming her seven-year old son H.J. as a plaintiff. By Order dated February 22, 2013, Plaintiff was advised that she could not bring claims on behalf of her son and the claim as to H.J. was dismissed without prejudice.[1] The Court also granted Plaintiff 30 days leave to file an amended complaint to name the individuals responsible for the alleged denial of her constitutional rights as defendants. On March 22, 2013, Plaintiff filed an amended complaint adding "NY Officer Greg Holme," Judge M. Armstrong and Liz Beal as defendants. For the reasons set forth below, Plaintiff's claims against Judge Armstrong and Liz Beal are dismissed

---

[1] By letter dated March 18, 2013, Plaintiff argues that because she is a New York State resident she should be able to bring claims on behalf of her son. Plaintiff's assertions are misguided. As previously discussed, Plaintiff, as a lay person, cannot bring claims on behalf of her child or represent him in this action. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."); *KLA v. Windham Se. Supervisory Union*, 348 F. App'x 604, 605–06 (2d Cir. 2009) (summary order) ("Although litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, the statute does not permit 'unlicensed laymen to represent anyone other than themselves.' That prohibition extends to non-lawyer parents seeking to represent their children, and the representation of incompetent adults." (citations omitted)).

without prejudice and Plaintiff may proceed on the false arrest claim against Kuhnapfel and Holme.

I. Discussion

a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* ("IFP") action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

b.  **False Arrest**

Liberally construing Plaintiff's Complaint, it appears that she attempts to assert a false arrest claim against Defendants Kuhnapfel and Holme stemming from her arrest on October 15, 2012. (*See* Am. Compl. at 1.) To state a claim for false arrest or false imprisonment "a plaintiff must show that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (citations omitted). The existence of probable cause is a complete defense to a § 1983 claim for false arrest. *See Paulin v. Figlia*, No. 11-CV-9634, 2013 WL 120167, at *3 (S.D.N.Y. Jan. 10, 2013) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)); *Alexiadis v. N.Y. Coll. of Health Professions*, 891 F. Supp. 2d 418, 434 (E.D.N.Y. 2012) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). In the Amended Complaint, Plaintiff alleges that Kuhnapfel and Holme wrongfully arrested her on October 15, 2012 for kidnapping. (Am. Compl. 1.) The charges related to this arrest were apparently dismissed on November 14, 2012. (*See* Documents Annexed to Amend. Compl.) Therefore, the Court will allow Plaintiff's false arrest claim against these Defendants to proceed.

c.  **Personal Involvement**

Although Plaintiff also names Judge Armstrong and Beal as defendants, she fails to discuss or make any allegations against these Defendants in her complaint. (*See generally* Am. Compl.) It is well settled law in this Circuit that in a civil rights action for monetary damages, a plaintiff must demonstrate the defendants' direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012); *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991). A plaintiff must "allege a

tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Rickett v. Orsino*, No. 10-CV-5152, 2013 WL 1176059, at *7 (S.D.N.Y. Feb. 20, 2013), *report and recommendation adopted*, No. 10-CV-5152, 2013 WL 1155354 (S.D.N.Y. Mar. 21, 2013); *Johnson v. New York*, No. 11-CV-5186, 2012 WL 5424515, at *2 (E.D.N.Y. Nov. 6, 2012). Thus, Plaintiff's claims against Judge Armstrong and Beal must be dismissed. *See Iqbal*, 556 U.S. at 677.

## II. Conclusion

Accordingly, all claims against defendants Judge Armstrong and Liz Beal are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants. Plaintiff's false arrest claim shall proceed against Defendants Kuhnapfel and Holme.

The United States Marshal Service is directed to serve the summons, Complaint, the Court's February 22, 2013 Order, Amended Complaint and this Order upon Defendants Kuhnapfel and Holme without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: April 22, 2013
Brooklyn, New York