UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

BRENDA JUSTICE,

                      Plaintiff,                  **MEMORANDUM & ORDER**
                                                          13-CV-659 (MKB)

            v.

NY OFFICER RICHARD KUHNAPFEL and
NY OFFICER GREG HOLME,

                      Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On February 1, 2013, *pro se* Plaintiff Brenda Justice filed this action against Defendant Richard Kuhnapfel, also naming her seven-year old son H.J. as a plaintiff. By order dated February 22, 2013, Plaintiff was advised that she could not bring claims on behalf of H.J. and the claims as to H.J. were dismissed without prejudice. The Court also granted Plaintiff 30-days leave to file an amended complaint naming as defendants the individuals responsible for the alleged denial of her constitutional rights. On March 22, 2013, Plaintiff filed an amended complaint adding "NY Officer Greg Holme,"[1] Judge M. Armstrong and Liz Beal as Defendants, alleging numerous claims including malicious prosecution, false arrest, wrongful imprisonment, kidnapping, attempted murder, conspiracy to kidnap, endangering the life of a child, intentional infliction of emotional distress to H.J., and violation of H.J.'s Fourth, Fourteenth and Thirteenth Amendment rights. By Memorandum and Order dated April 22, 2013, the Court dismissed Plaintiff's claims against Judge Armstrong and Liz Beal without prejudice and gave Plaintiff leave to proceed solely as to the false arrest claim against Kuhnapfel and Holme. On July 2 and

---

[1] Plaintiff has since informed the Court that Holme is a United States Marshal.

July 8, 2013, Plaintiff filed two motions seeking a preliminary injunction or temporary restraining order for "the immediate return" of H.J., (Docket Entry No. 24, Pl. First Mot. Prelim. Inj. 1), and to "stop the illegal adoption" of H.J., (Docket Entry No. 26, Pl. Second Mot. Prelim. Inj. 1). These motions were referred to Magistrate Judge Robert M. Levy. On September 19, 2013, Judge Levy issued a Report and Recommendation, (Docket Entry No. 43, "R&R"), recommending that the Court deny Plaintiff's motions for a preliminary injunction or temporary restraining order. On September 30, 2013, Plaintiff filed a letter with the Court, in which she restated the basis for her complaint against Defendants and attached documents purporting to establish the falsity of her arrest. (Docket Entry No. 44, Pl. Obj.) The Court construes this letter as an objection to Judge Levy's R&R. For the reasons set forth below, the Court adopts Judge Levy's R&R in its entirety. Plaintiff's motions for a preliminary injunction or temporary restraining order are denied.

I. Discussion

    a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.*; *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2.

### b. Magistrate Judge Levy's Report & Recommendation

Judge Levy found that Plaintiff did not have standing to seek injunctive relief against Holme and Kuhnapfel because neither Holme nor Kuhnapfel had the power to restore physical and legal custody of H.J. to Plaintiff, and thus the Court could not redress Plaintiff's injury, the third requirement of standing. (R&R 4–5.) In addition, Judge Levy found that Plaintiff could not establish a likelihood of success on the merits of the underlying claim of false arrest against Defendants, because Plaintiff was arrested pursuant to a facially valid arrest warrant, creating probable cause for the arrest, which is a "complete defense" to any claim of false arrest. (*Id.* at 5–6.) Judge Levy therefore recommended that Plaintiff's request for injunctive relief be denied. (*Id.* at 6.)

### c. Plaintiff's Objections to the Report and Recommendation

On September 30, 2013, within the fourteen day time period to file objections to Judge Levy's R&R, Plaintiff filed a letter with the Court asserting that H.J. was removed from her without a warrant during her false arrest by Defendants. (Docket Entry No. 44, Pl. Obj. 1.) Plaintiff seeks the return of H.J. (*Id.*) Plaintiff also attached a "criminal complaint by the city, state, and county of NY that was not signed by a Judge and rejected by the criminal court," and a copy of the dismissal of charges against Plaintiff in the Criminal Court of the City of New York, dated November 14, 2012. (Pl. Obj. at 4–5, Unmarked Exhibits.) The Court treats this letter as a generalized objection to Judge Levy's finding that Plaintiff does not have standing to seek injunctive relief, and as a specific response to Judge Levy's finding that Plaintiff could not establish a likelihood of success on the merits of her false arrest claim. The Court will review Judge Levy's entire R&R under a *de novo* standard of review.

3

### d. Plaintiff's Request for Injunctive Relief

The Court has reviewed the record and the applicable law and agrees with Judge Levy that Plaintiff is not entitled to injunctive relief because, among other reasons, Plaintiff lacks standing and cannot establish a likelihood of success on the merits.

#### i. Plaintiff lacks standing to seek injunctive relief.

In order to seek injunctive relief, a plaintiff must show that she has "standing" to obtain that relief.  In order to establish standing, a plaintiff must establish three things: (1) that she has suffered from an "injury in fact," (2) which was caused by the defendants' actions, and (3) which the court can likely "redress" or make right through a favorable decision.  *See Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) ("[I]n order to seek injunctive relief, a plaintiff must show the three familiar elements of standing: injury in fact, causation, and redressability." (citing *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)); *see also Hedges v. Obama*, 724 F.3d 170, 188 (2d Cir. 2013) (To establish standing, a plaintiff must show: "(1) the plaintiff [has] suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) the injury [is] fairly traceable to the challenged action of the defendant, and (3) it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (internal quotation marks omitted) (citing, *inter alia*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992))).

Here, Plaintiff lacks standing to seek injunctive relief.  Even if Plaintiff could meet the first two elements of standing — by showing that H.J.'s return to Michigan comprises an "injury in fact" to Plaintiff, and that this injury was "caused" by Defendants' actions in executing an arrest warrant for kidnapping / custodial interference — Plaintiff's alleged injury nonetheless cannot be "redressed" by this Court.  Both the Court and Defendants lack the power to return H.J. to Plaintiff.  The third requirement to establish standing is a showing that "the injury that a

plaintiff alleges is likely to be redressed through the litigation." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008). Rule 65 of the Federal Rules of Civil Procedure states that court orders granting injunctive relief only bind "(A) parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). Thus, when a party requests injunctive relief that can only be provided by a third party who does not fall within the parameters of Rule 65(d)(2), the party's injury cannot be redressed by a favorable court decision. *See Sumpter v. Skiff*, 260 F. App'x 350, 351 (2d Cir. 2008) (holding that the district court did not err in denying petitioner's motion for injunctive relief sought from a nonparty, the New York State Division of Parole, where the Division of Parole was not named as a defendant in petitioner's claim, and where they did not fall into any of the exceptions listed in Rule 65(d)).

In this case, Plaintiff seeks the return of H.J. — restoration of legal and physical custody — which cannot be provided by either of the Defendants. Nor does this Court have the power to order any person or entity that might have the ability to restore custody of H.J. to Plaintiff to do so. Plaintiff was arrested pursuant to an arrest warrant for the felony of kidnapping / custodial interference pursuant to Michigan Compiled Law § 750.350a(1), which arrest warrant was issued by the Nineteenth District Court, Third Judicial Circuit of the State of Michigan, and signed by a Michigan state court judge. (*See* Docket Entry No. 30, Letter from Def. dated July 25, 2013 at 3, unmarked exhibit, "Michigan arrest warrant.") H.J.'s custody status is the subject of a state court determination by a Michigan state court, and this Court lacks the power to change that determination. Under the "full faith and credit" laws of the United States, Federal courts must honor the determinations made by state courts. *See* 28 U.S.C. § 1738 (providing that judicial

5

proceedings from any state court "shall have the same full faith and credit in every court within the United States"); *see also White v. White*, No. 12-CV-200, 2012 WL 3041660, at *14 (S.D.N.Y. July 20, 2012) ("Under federal law, all judicial proceedings of any court of any state within the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." (quoting 28 U.S.C. § 1738)), *report and recommendation adopted*, 2013 WL 1340145 (S.D.N.Y. Mar. 28, 2013). In addition, there is a longstanding tradition that matters of family relations, also called "domestic relations," must be adjudicated by state courts, not by federal courts. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that "the domestic relations exception, as articulated by this Court since [1858], divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

Moreover, to the extent that the relief sought by Plaintiff requires a challenge to the custody determination already made by a Michigan state court, such a claim is barred by the *Rooker-Feldman* doctrine, which forbids a district court from acting as a court of appeal to a final determination made by a state court.[2] *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In addressing an identical claim brought by Plaintiff in the Southern District of New York seeking the restoration of legal and physical custody of H.J., the Honorable Paul Oetken found that Plaintiff's request for injunctive relief mandating the return of H.J. is barred by the long-established principles that federal courts may not act as courts of appeal to state court determinations, nor intervene in an ongoing state court proceeding. *See Justice v. City of New*

---

[2] The *Rooker-Feldman* doctrine is named after two Supreme Court decisions: *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*York*, No. 13-CV-3319 (S.D.N.Y. June 27, 2013) (unpublished opinion) (finding that "[i]f the custody proceedings are ongoing, *Younger* abstention is required.[3] If the custody hearing is complete and Plaintiff has lost custody of H.J., a collateral attack on that determination is barred by *Rooker-Feldman* as little more than a request that this Court 'review and reject[]' Michigan's judgment." (citing *Exxon Mobil*, 544 U.S. at 284)); *see also Best v. A.C.S.*, No. 12-CV-07874, 2013 WL 1499381, at *3 (S.D.N.Y. Feb. 20, 2013) (finding that *Younger* abstention prevented federal court from issuing a preliminary injunction restoring custody to the plaintiff, when there was an ongoing state court proceeding determining the plaintiff's custody rights), *report and recommendation adopted sub nom. Best v. City of New York*, 2013 WL 1500444 (S.D.N.Y. Apr. 10, 2013).

Because the Court cannot order either of the Defendants or any other party to return H.J. to Plaintiff, Plaintiff's injury cannot be redressed by a favorable decision by this Court. Thus, Plaintiff lacks standing to seek injunctive relief in this case.

### ii. Plaintiff cannot show a likelihood of success on the merits.

Even if Plaintiff had standing to seek a preliminary injunction or temporary restraining order, the Court concludes, consistent with Judge Levy's determination, that Plaintiff nevertheless would not be entitled to any injunctive relief because she cannot establish one of the necessary requirements in order to obtain injunctive relief from a court — a likelihood of success on the merits of her claims. (*See* R&R 5–6). In order to obtain a preliminary injunction, a plaintiff must be able to show the Court four things: "that [she] is likely to succeed on the merits,

---

[3] *Younger* abstention, named after the Supreme Court decision in *Younger v. Harris*, 401 U.S. 37 (1971), refers to the requirement that federal courts may not intervene in an ongoing matter that is being decided by a state court. *See Parent v. New York*, 485 F. App'x 500, 503 (2d Cir. 2012), *cert. denied*, 568 U.S. ---, 133 S. Ct. 652 (2012) ("Under *Younger*, abstention is mandatory where: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." (citation and internal quotation marks omitted)).

7

that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 266 (2d Cir. 2011) (internal quotation marks omitted) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)), *aff'd*, 570 U. S. ---, 133 S. Ct. 2321 (2013). "A preliminary injunction is 'an extraordinary and drastic remedy which should not be routinely granted.'" *Int'l Bus. Machines Corp. v. Visentin*, No. 11-CV-399, 2011 WL 672025, at *6 (S.D.N.Y. Feb. 16, 2011) (quoting *Med. Soc'y of State of N .Y. v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977)), *aff'd*, 437 F. App'x 53 (2d Cir. 2011). The same standards apply for obtaining a temporary restraining order. *Grandy v. BAC Home Loan Servicing, LP*, No. 10-CV-4278, 2010 WL 3842428, at *2 (E.D.N.Y. Sept. 28, 2010) (quoting *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)).

Plaintiff's underlying claim is for false arrest against Defendants Kuhnapfel and Holme. As Judge Levy notes, "the existence of probable cause is a complete defense" to a false arrest claim, and "when an arrest is made pursuant to a facially valid warrant, there is a presumption that it was made with probable cause." (R&R at 5 (citing *Garenani v. Cnty. of Clinton*, 552 F. Supp. 2d 328, 333 (N.D.N.Y. 2008))); *see also Southerland v. Garcia*, 483 F. App'x 606, 608 (2d Cir. 2012) (holding that an arresting officer cannot be held liable for false arrest when the arrest was made "pursuant to a facially valid warrant"). While Plaintiff claims that the Michigan arrest warrant was "fraudulent," and "based on a false claim," (Pl. First Mot. Prelim. Inj. at 1), the Michigan arrest warrant is facially valid — it was issued by the 19th District Court of the Third Judicial Circuit in Michigan and was signed by a judge, it contained Plaintiff's name, described the offense charged in the complaint, and commanded that the Plaintiff be brought

before the court of the signing judge immediately. (*See* Michigan Arrest Warrant); *see also* Fed. R. Crim. P. 4 (an arrest warrant must "(A) contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty; (B) describe the offense charged in the complaint; (C) command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer; and (D) be signed by a judge.");[4] *cf. Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) ("Ordinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable [under the Fourth Amendment] because such warrants may issue only upon a showing of probable cause." (citing *Walczyk v. Rio*, 496 F.3d 139, 155–56 (2d Cir. 2007))).

Plaintiff mistakenly believes that because the charges from the Criminal Court of New York were dismissed, she is likely to succeed on her false arrest claim. However, "[p]robable cause is a complete defense to an action for false arrest brought under New York law or § 1983." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation marks omitted) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Thus, the fact that charges were dismissed *after* an arrest cannot overcome the "complete defense" of probable cause

---

[4] Both New York and Michigan state laws have the same requirements for an arrest warrant. *See* N.Y. Crim. Proc. Law § 120.10(2) ("A warrant of arrest must be subscribed by the issuing judge and must state or contain (a) the name of the issuing court, and (b) the date of issuance of the warrant, and (c) the name or title of an offense charged in the underlying accusatory instrument, and (d) the name of the defendant to be arrested or, if such be unknown, any name or description by which he can be identified with reasonable certainty, and (e) the police officer or officers to whom the warrant is addressed, and (f) a direction that such officer arrest the defendant and bring him before the issuing court."); Mich. Comp. Laws Ann. § 764.1b (Arrest warrant "shall recite the substance of the accusation contained in the complaint. . . . [T]he warrant shall be directed to a peace officer; shall command the peace officer immediately to arrest the person accused and to take that person, without unnecessary delay, before a magistrate of the judicial district in which the offense is charged to have been committed, to be dealt with according to law; and shall direct that the warrant, with a proper return noted on the warrant, be delivered to the magistrate before whom the arrested person is to be taken.").

9

created by a facially valid arrest warrant. *See Sheikh v. City of New York, Police Dep't*, No. 03-CV-6326, 2008 WL 5146645, at *5 (E.D.N.Y. Dec. 5, 2008) ("Whether the suspect was later acquitted of the charges for which she was arrested is 'irrelevant to the validity of the arrest.'" (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979))); *Ampratwum v. City of New York*, No. 11-CV-6111, 2013 WL 1935321, at *7 (S.D.N.Y. May 9, 2013) ("Whether a plaintiff was eventually acquitted of the charges against her is not relevant to the probable cause determination." (citing *Michigan*, 443 U.S. at 36)); *Valez v. City of New York*, No. 08-CV-3875, 2010 WL 1460703, at *3 (S.D.N.Y. Apr. 12, 2010) (same).

Thus, because Defendants relied on a facially valid warrant, they had probable cause to arrest Plaintiff, and Plaintiff is not likely to prevail on the merits of her false arrest claim. Because Plaintiff cannot establish a likelihood of success on the merits of her claim of false arrest against Defendants, a necessary element for injunctive relief, Plaintiff is not entitled to the "extraordinary" remedy of injunctive relief. *See Visentin*, 2011 WL 672025, at *6.

## II. Conclusion

Having considered Magistrate Judge Levy's R&R and the accompanying objections, the Court adopts the R&R in its entirety. The Plaintiff's motions for preliminary injunction or temporary restraining order are denied.

SO ORDERED:

_s/ MKB_
MARGO K. BRODIE
United States District Judge

Dated: November 5, 2013
      Brooklyn, New York