UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

BRENDA JUSTICE,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                              13-CV-659 (MKB)

        v.

NY OFFICER RICHARD KUHNAPFEL and
NY OFFICER GREG HOLME,

                Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Brenda Justice, proceeding *pro se*, filed the above-captioned action in this Court, and moved to proceed *in forma pauperis*. (Docket Entry Nos. 1, 3.) By order dated February 22, 2013, the Court granted Plaintiff's motion to proceed *in forma pauperis*, and gave Plaintiff leave to amend her Complaint. (Docket Entry No. 5.) Plaintiff filed an Amended Complaint on March 22, 2013, and by Memorandum and Order dated April 22, 2013, the Court gave Plaintiff leave to proceed solely as to the false arrest claim against Defendants Richard Kuhnapfel and Greg Holme. (Docket Entry No. 17.) On August 1, 2013, Plaintiff filed a motion to appoint counsel and a second motion to proceed *in forma pauperis*. (Docket Entry No. 33.) For the reasons set forth below, Plaintiff's motion to appoint counsel is denied. Plaintiff's motion to proceed *in forma pauperis* is denied as moot.

    **I.   Motion to Appoint Counsel**

      Although the Constitution guarantees criminal defendants a right to counsel in their criminal case, there is no constitutional right to counsel in a civil case. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). "As a result, there is no panel of government-funded attorneys available to be appointed to represent litigants in civil cases." *Jenkins v. Morris*,

No. 11-CV-4178, 2012 WL 1887134, at *4 (E.D.N.Y. May 23, 2012). A court cannot compel an attorney to take a civil case without a fee, *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989), but it may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1).

In deciding whether to grant a request for counsel, the Court must "first determine whether the indigent's position [is] likely to be of substance." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) (internal quotation marks omitted)); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (motions for appointment of counsel considered "by asking first whether the claimant has met a threshold showing of some likelihood of merit." (citation and internal quotation marks omitted)); *Phelan v. Sullivan*, --- F. App'x ---, ---, 2013 WL 5183664, at * 3–4 (2d Cir. Sept. 17, 2013) (affirming district court denial of motion for appointment of counsel because plaintiff "had not demonstrated that his claims were likely to succeed on the merits" (citing *Cooper*, 877 F.2d at 172)); *Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012) ("In considering a motion to appoint counsel, a district court 'should first determine whether the indigent's position [is] likely to be of substance.'" (quoting *Cooper*, 877 F.2d at 172)); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196 (2d Cir. 2003) (citing *Hodge* and *Cooper* to reiterate that a district court must first determine whether plaintiff is likely to succeed on the merits of the claim when assessing whether to appoint counsel).

If the Court determines that the claim meets this threshold requirement, then the Court can "consider the other factors appropriate to determination of whether counsel should be appointed." *Wiggins v. Vega*, No. 13-CV-2037, 2013 WL 5700970, at *1 (S.D.N.Y. Oct. 17, 2013) (citing *Hodge*, 802 F.2d at 60–61)). These criteria include: the "plaintiff's ability to obtain

representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172 (quoting *Hodge*, 802 F.3d at 61–62).

### a. Plaintiff has No Likelihood of Success on the Merits

In this case, Plaintiff has no likelihood of succeeding on the merits of her claim. As discussed in the November 4, 2013 Order adopting Magistrate Judge Levy's Report and Recommendation, Plaintiff is unlikely to prevail on her underlying claim for false arrest because there was a facially valid warrant for Plaintiff's arrest. (Docket Entry No. 50, Memorandum & Order dated Nov. 5, 2013 at 7–10.) Because a facially valid warrant is a "complete defense" to a claim of false arrest, Plaintiff cannot show that there is some likelihood that she may prevail in this action. (*Id*. at 8–10); *see also Southerland v. Garcia*, 483 F. App'x 606, 608 (2d Cir. 2012) ("An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005))). Because Plaintiff is unlikely to succeed on the merits of her claim, Plaintiff does not meet the "threshold requirement" that would require the Court to consider whether Plaintiff satisfies the other criteria. *See Phelan*, --- F. App'x at ---, 2013 WL 5183664, at *3 (finding that district court "properly denied Phelan's motion for appointment of counsel after concluding that Phelan had not demonstrated that his claims were likely to succeed on the merits"); *Rivera v. Federlin*, No. 08-CV-7293, 2011 WL 338043, at *2 (S.D.N.Y. Jan. 31, 2011) (denying motion to appoint counsel where plaintiff's false arrest claim was not likely to succeed because defendants had probable cause to arrest plaintiff).

### b. Plaintiff Cannot Satisfy Any of the Other Criteria.

Even if Plaintiff could establish that she is likely to succeed on the merits of her false arrest claim, applying the remaining criteria established by the Second Circuit in *Cooper* demonstrates that appointment of counsel is not warranted.

First, Plaintiff has not shown that she has made any attempt to obtain counsel. A plaintiff requesting appointment of counsel must show that she is "unable to obtain counsel before appointment will even be considered." *James v. Osbourne*, No. 11-CV-4182, 2012 WL 4849131, at *7 (E.D.N.Y. Apr. 18, 2012) (citing *Cooper*, 877 F.2d at 172 and *Hodge*, 802 F.2d at 61), *report and recommendation adopted*, No. 11-CV-4182, 2012 WL 4849160 (E.D.N.Y. Oct. 11, 2012). In her motion seeking appointment of counsel, Plaintiff does not indicate what steps, if any, she has taken to find an attorney. Without any evidence that Plaintiff contacted attorneys to seek representation, this criteria weighs against the appointment of counsel. *See, e.g.*, *Wright v. Knibbs*, No. 13-CV-2849, 2013 WL 2452080, at *1 (S.D.N.Y. June 5, 2013) (finding that plaintiff satisfied this criteria by showing that he contacted several attorneys who refused to take his case); *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (finding that plaintiff satisfied this criteria by showing that he "contacted many attorneys," none of whom would represent him on a contingency basis but instead "requested a consultation fee or a retainer"); *Garcia-Garcia v. City of New York*, No. 12-CV-1302, 2013 WL 150206, at *2 (S.D.N.Y. Jan. 11, 2013) (finding that where plaintiff sent "a letter to five law firms seeking representation" and they did not respond, plaintiff satisfied this criteria).

Second, Plaintiff has demonstrated her ability to investigate the relevant facts of the case in order to effectively prosecute her claim and the facts involve only one incident — whether Plaintiff was falsely arrested on October 15, 2012 — making it a simple and straightforward

4

investigation. Plaintiff is not in a position where she needs to gather information from the Defendants or from other sources. The parties are currently briefing Defendants' motion to dismiss. Indeed, Plaintiff has already submitted numerous pieces of evidence to the Court in support of her claim of false arrest. Additional factual investigation is not likely to assist her at this stage of the proceedings. Plaintiff has also demonstrated an ability to handle the case as it has developed so far, including responding to the Court's order to amend her complaint, (Docket Entry No. 5), and responding to filings made by Defendants, in addition to presenting all of the relevant facts that support her claim.

At least at this stage of the proceedings, Plaintiff's ability to handle the required factual investigations is sufficient, and appointing counsel is not necessary on this basis. *See*, *e.g.*, *Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012) (affirming district court denial of pro se plaintiff's motions to appoint counsel where district court found that "the issues presented in [the plaintiff's] action were not overly complex and [the plaintiff] was able to effectively litigate his case without counsel"); *Ramey v. Dep't of Corr. (NYDOCS)*, No. 13-CV-17, 2013 WL 1867342, at *1–2 (S.D.N.Y. May 2, 2013) (finding that pro se plaintiff's civil rights claims against a prison for failure to provide proper medical care "are not so complex or unique that a person of [the plaintiff's] intelligence would be unable to handle them at this stage").

Third, the resolution of Plaintiff's false arrest claim against Kuhnapfel and Holme will not turn on particularly complex issues of law that would make it unfair or unreasonable to expect Plaintiff to proceed in the absence of legal counsel. *See Laws v. Croft*, No. 05-CV-6402, 2008 WL 4757309, at *1 (W.D.N.Y. Oct. 28, 2008) (finding that legal issues in a claim for false arrest and excessive force "do not appear to be complex," thereby weighing against appointment of volunteer counsel); *Wali v. One Source Co.*, No. 07-CV-7550, 2009 WL 3170110, at *2

(S.D.N.Y. Sept. 30, 2009) (finding that employment discrimination claim was not so complex to require appointment of counsel, where "[t]he facts appear to involve an isolated occurrence in November of 2004, . . . [and] the narrow focus of this case suggests that neither the facts nor the legal issues they raise will be overly complicated"). In contrast, cases where courts have found that this criteria weighed toward the appointment of counsel have involved legal issues that were complex or novel. *See*, *e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 395 (2d Cir. 1997) (finding that the complexity of legal issues involving "the shifting burdens of a Section 1983 retaliation claim where issues of supervisory responsibility under that statute also played a role" weighed in favor of appointing volunteer counsel); *Johnston*, 606 F.3d at 42 (finding that "whether or not Johnston's pretrial detention was substantial enough to give rise to a constitutional violation of his procedural due process rights" was a complex enough legal issue to support appointment of counsel for *pro se* plaintiff); *Arce v. Keane*, No. 01-CV-2648, 2001 WL 868000, at *3 (S.D.N.Y. Aug. 1, 2001) (finding that plaintiff who alleged retaliatory prison transfer and refusal by prison to accommodate his medical disability faced highly complex legal issues where defendants "filed a complicated, twenty-five page motion to dismiss . . . which appears not only to raise issues on the 'cutting edge' of this area of law, but to argue for a change in existing law"). Because Plaintiff's claim involves only looking at the alleged facts to see if they comprise a false arrest, and do not involve novel or complex issues of law, this factor weighs against appointing counsel.

Finally, because Defendants are moving to dismiss Plaintiff's claim and the resolution of this motion will not require the examination of witnesses, the fourth criteria also weighs against the appointment of counsel. The fourth and final criteria courts evaluate in determining whether appointment of *pro bono* counsel is justified if the court determines that a plaintiff's underlying claim is likely to succeed on the merits, is whether there is a need for cross-examination of

witnesses, either in discovery or at trial, that would be best conducted by an attorney. *Rosales v. Artus*, No. 10-CV-2742, 2011 WL 3845906, at *10 (E.D.N.Y. Aug. 30, 2011) (finding that "where 'it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination,' this factor would weigh in favor the appointment of counsel" (citing *Hodge*, 802 F.2d at 61)). Here, the case has not yet proceeded to discovery or trial but instead Defendants are moving to dismiss Plaintiff's claim. Therefore, because there is no need for "expertly conducted" cross-examination, this criteria is not satisfied. *See Cooper*, 877 F.2d at 172

In sum, Plaintiff cannot succeed on her motion for appointment of counsel where she has failed to establish a likelihood of success on the merits of her claim which is a threshold requirement. *See Phelan*, --- F. App'x at ---, 2013 WL 5183664, at *3. Even if the Court could find that the claim has a reasonable chance of prevailing on the merits, applying the remaining four criteria established by the Second Circuit further indicates that appointment of counsel is not justified in this case.

## II. Motion to Proceed *In Forma Pauperis*

Plaintiff also moves to proceed *in forma pauperis*. Because the Court previously granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (*see* Memorandum & Order dated February 22, 2013), the Court denies Plaintiff's motion as moot.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion to appoint counsel is denied.

Plaintiff's motion to proceed *in forma pauperis* is denied as moot.

SO ORDERED:

            s/MKB            
MARGO K. BRODIE
United States District Judge

Dated:  November 18, 2013
          Brooklyn, New York